Commonwealth *v.* Hill.

In the trial of an indictment for a nuisance, under Gen. Sts. c. 87, § 6, a request by the de-
fendant for an instruction to the jury that " the government must show that the defend-
ant was not authorized to keep and sell the liquor (if any) which it was proved that he
did keep and sell in the building described," is substantially complied with by an in-
struction that the burden of proof is upon the government to prove beyond reasonable
doubt that the tenement was used and maintained by the defendant for the illegal keep-
ing or sale of intoxicating liquors.

An indictment which alleges that the defendant kept and maintained " a certain tenement,
to wit: in a building (which is described) then and there used for the illegal sale and for
the illegal keeping of intoxicating liquors, said tenement, so used as aforesaid, being
then and there a common nuisance," sufficiently alleges that the tenement was used for
the illegal purposes specified.

INDICTMENT for keeping and maintaining a nuisance, under Gen. Sts. *c.* 87, § 6. At the trial in the superior court, before *Rockwell,* J., the defendant was convicted, and alleged exceptions, and filed a motion in arrest of judgment. The case is stated in the opinion.

*G. F. Verry,* for the defendant.

*Foster,* A. G., for the Commonwealth.

METCALF, J. We cannot see any difference, in legal meaning and effect, between the instruction given by the judge and that for which the defendant asked. The instruction given to the jury was, that the burden was on the government to prove, beyond reasonable doubt, that the tenement described in the indictment was, during the time in the indictment alleged, used and maintained by the defendant for the illegal keeping or sale of intoxicating liquors. The instruction asked for by the defendant was, that the government must show that the defendant was not authorized to keep and sell the liquor (if any) which it was proved that he did keep and sell in the building described. Under the instruction received by the jury, they must, by finding the defendant guilty, have been convinced, beyond reasonable doubt, that he was not authorized to keep and sell intoxicating liquors in the described tenement; otherwise, they could not have found that he used and maintained that tenement for the "illegal" keeping or sale of such liquors. The burden of proving that the defendant was not authorized to sell liquors in the tenement was sustained by proof that he used and maintained it for the keeping or sale of liquors there illegally. Such proof was required by the judge's instruction; and it must now be taken that the jury had legal proof before them, of some kind, sufficient to warrant their finding. See *Commonwealth* v. *Livermore,* 2 Allen, 292. The defendant had the benefit of the instruction asked for by him. Full effect was given to it by the judge, though he did not adopt its phraseology

The defendant has moved in arrest of judgment, assigning, as a reason for the motion, that there is no allegation in the indictment that the "tenement," which he is charged with keeping, was used for the unlawful purposes alleged. The

indictment alleges that the defendant, on, &c. at Worcester, " did keep and maintain a certain tenement, to wit : in a building on the southerly side of Mechanic Street in said Worcester, and is number 38 on said street, then and there used for the illegal sale and for the illegal keeping of intoxicating liquors, said tenement, so used as aforesaid, being then and there a common nuisance," &c. It is objected, that the words " then and there used," refer to the building and not to the tenement — the word " building " being the next antecedent to the relative word " used," and the statute meaning of these two words not being identical. *Commonwealth* v. *McCaughey*, 9 Gray, 296. We cannot support this objection. For although it is an admitted rule of construction, that relative words are generally to be referred to the next antecedent, yet that rule is not to be applied when, upon the whole instrument to which a construction is to be given, a different intent appears. In the present case, though the word " used," when first inserted in the indictment, would *prima facie* refer to " building," yet the subsequent words " said tenement so used as aforesaid," require its reference to " tenement." See *Spyer* v. *Thelwell*, Tyrwh. & Grang. 191, and 2 Cr. Mees. & R. 692. *Deriemer* v. *Fenna*, 7 M. & W. 439. Dwarris on Sts. (2d ed.) 590. One half of the English language (said Alderson, B. 9 Dowl. P. C. 245,) is interpreted by the context.

*Exceptions overruled.*